PEOPLE v POINDEXTER

ARREST—POLICE OFFICERS—ARREST WARRANT—FELONY—ENTERING
DWELLING—ANNOUNCING PURPOSE—STATUTE.

A statute which authorizes a police officer to break into a build-
ing to make an arrest for a felony only after having announced
his purpose and having been refused entry, does not require
each officer present to knock and announce his purpose; there-
fore a defendant's arrest was legal where four officers were
present with an arrest warrant, two at a front door and two at
a back door, one at the front door knocked and announced his
presence, and upon receiving no response, the two officers at
the front door gained entry to the dwelling by breaking a front
window, and the other two officers entered through a back door
which was not locked and thus required no breaking (MCLA
764.21).

Appeal from Kent, Stuart Hoffius, J. Submitted
Division 3 December 3, 1974, at Grand Rapids.
(Docket No. 18166.) Decided January 7, 1975.

Chester L. Poindexter was convicted of posses-
sion of heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Donald A. Johnston III,*
Chief Appellate Attorney, for the people.

*William E. Jackson,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
5 Am Jur 2d, Arrest §§ 88, 93.
What constitutes violation of 18 USCS § 3109 requiring federal
officer to give notice of his authority and purpose prior to break-
ing open door or window or other part of house to execute search
warrant. 21 ALR Fed 820.

Before: T. M. Burns, P. J., and Quinn and O'Hara,* JJ.

Quinn, J. A jury convicted defendant of possession of heroin, MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a). He was sentenced and he appeals.

Prior to trial, defendant moved to suppress the heroin on the basis of illegal search and to quash the information, claiming that his arrest was in violation of MCLA 764.21; MSA 28.880 and thus illegal. The record of the evidentiary hearing had on this motion discloses that police officers went to defendant's home to serve him with an arrest warrant. Two officers went to the front door and two officers went to the back door. One of the officers at the front door knocked and announced "police". Receiving no response, an attempt was made to break down the door. When this failed, a window was broken and entry was made. The preliminary examination record indicates that the two officers at the back door entered without knocking and without announcing their purpose.

The statute above specified provides:

"To make an arrest, a private person, if the offense be a felony committed in his presence, or a peace officer with a warrant or in cases of felony when authorized without a warrant, may break open an inner or outer door of any building in which the person to be arrested is or is reasonably believed to be if, after he has announced his purpose, he is refused admittance."

The trial court found that the statute had been complied with and that the statute did not require each officer present to knock and announce his purpose. The motion to suppress and to quash was denied.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

On appeal, defendant again contends that the heroin was obtained by an illegal search because his arrest was illegal. We do not agree. The record supports the finding of the trial judge that the above statute was complied with and that defendant's arrest was legal. We find nothing in the statute that requires each officer present to knock and announce his purpose.

In addition, the preliminary examination transcript discloses that the officers at the back door merely opened it and entered. They broke nothing to gain entrance.

The other issues raised on appeal do not merit discussion.

Affirmed.

All concurred.